# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JOHN MILLER, individually and on behalf of all others similarly situated** § § § § **Plaintiff,** § § **vs.** § § **PHOENIX TECHNOLOGY SERVICES USA INC.** § § § § **Defendant.** § | **Docket No. 4:17-cv-02457** **JURY TRIAL DEMANDED** **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## SETTLEMENT AGREEMENT AND RELEASE

1. This Settlement Agreement and Release (the "Settlement Agreement," "Settlement" or "Agreement") is entered into between Plaintiff John Miller ("Miller") and Phoenix Technology Services, USA Inc. ("Phoenix") (collectively, the "Parties"), subject to the approval of the Court.

## RECITALS

2. On August 11, 2017, Miller commenced an action by filing a Collective Action Complaint in the United States District Court for the Southern District of Texas Houston Division captioned *John Miller v. Phoenix Technology Services, USA, Inc.*, No. 4:17-cv-02457.

3. Miller, individually and on behalf of the Settlement Class (as defined below), and the Plaintiffs in the Action (as defined below) assert that Defendant (as defined below) failed to pay proper overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and state laws related to the payment of wages, including, but not limited to, the New Mexico Minimum Wage Act ("NMMWA").

4. On March 2, 2018, the Parties reached a settlement after months of arms-lengths negotiations. Prior to their negotiations, Defendant provided Class Counsel (as defined below) with electronic records related to payments made for the benefit of the Settlement Class Members, which Class Counsel reviewed and analyzed prior to the parties' discussions.

5. As a result of these discussions, the Parties have agreed to settle the Action according to the terms of this Settlement Agreement.

6. Class Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the Action. In agreeing to this Settlement Agreement, Class Counsel has considered: (a) the facts developed during discovery and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendant; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Miller and Class Counsel have concluded that the terms of this Settlement are fair, reasonable and adequate, and that it is in the best interests of Miller and the Settlement Class to settle their claims against Defendant pursuant to the terms set forth herein.

7. Defendant denies the allegations asserted and denies that they engaged in any wrongdoing or violation of law. Defendant is entering into this Agreement because it will eliminate the burden, risk and expense of further litigation. Except for purposes of this Settlement, neither this Agreement nor any document referred to herein, nor any action taken to carry out this Agreement, may be used in any way as an admission, concession or indication by or against Defendant of any fault, wrongdoing or liability whatsoever, including any concession that certification of a class other than for purposes of this Settlement would be appropriate in the Action or any other case.

8. The Parties recognize that notice to the Settlement Class of the material terms of this Settlement, as well as Court approval of this Settlement, are required to effectuate the Settlement, and that the Settlement will not become operative until the Court grants approval of it and the Settlement becomes effective.

9. The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b) are met. Should this Settlement not become final, such stipulation to collective action certification shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.

10. In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the approval of the Court and the other conditions set forth herein, that Miller and the Eligible Class Members' (as defined below) claims against Defendant shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Released Claims (as defined below) shall be finally and fully compromised, settled and dismissed as to the Releasees (as defined below), in the manner and upon the terms and conditions set forth below.

## **DEFINITIONS**

11. The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

    a. "Action" means the lawsuit filed by Miller against Phoenix Technology Services, USA, Inc.

    b. "Approval Order" means the Court's Final Approval Order approving the Settlement and entering judgment.

    c. "Approval Hearing" means the hearing to be held by the Court to consider the approval of the Settlement, if necessary.

    d. "Class Counsel" means Josephson Dunlap Law Firm and Bruckner Burch PLLC.

    e. "Class Period" means the earlier of March 2, 2015 through March 2, 2018 or three years from the date any individual opted-in to the *Miller* lawsuit through March 2, 2018.

    f. "Court" means the United States District Court for the Southern District of Texas - Houston Division.

    g. "Phoenix's Counsel" means Ogletree Deakins.

    h. "Defendant" means Phoenix Technology Services, USA, Inc.

    i. "Eligible Class Member" means all Settlement Class Members who timely opt-in to the Settlement Class.

    j. "Effective Date" means the first business day following the Court's approval of the Settlement.

    k. "Fee Award" means the award of attorneys' fees that the Court authorizes to be paid to Class Counsel for the services they rendered in the underlying lawsuit.

    l. "Gross Settlement Amount" means the maximum amount that Defendant shall pay in exchange for the release of all Released Claims (as defined below) by Miller and the Eligible Class Members, which is the sum of seven-hundred thousand dollars ($700,000.00), excluding the employers' share of FICA and FUTA payroll taxes. In no event shall the Gross Settlement Amount exceed this sum, plus the employers' share of FICA and FUTA payroll taxes on the amounts paid to Miller and the Eligible Class Members.

    m. "Net Settlement Amount" means the Gross Settlement Amount less: (i) $7,500.00 as a Service Award for Miller for his efforts in bringing and prosecuting the lawsuit against Defendant, and in exchange for his additional Released Claims executed in favor of Defendant as set forth in Paragraph 12(a), below; and (ii) the payment of attorneys' fees to Class Counsel, not to exceed $262,500.00, which is approximately thirty-seven and one-half percent of the Gross Settlement Amount, plus the payment of out-of-pocket costs incurred by Class Counsel, which currently are estimated to be no greater than $6,500. The Parties acknowledge that all of these amounts are subject to the Court's approval.

    n. "Notice Deadline" means the date sixty (60) days after the Notice of Settlement and the Settlement Consent Form are initially mailed by Class Counsel to the Settlement Class. Settlement Class Members shall have until the Notice Deadline to submit their Settlement Consent Form.

      o.    "Notice of Settlement" means the notice to the Settlement Class substantially in the form as Exhibit A attached hereto or as approved by the Court.

      p.    "Parties" means Miller, and Defendant.

      q.    "Plaintiff" or "Miller" means John Miller.

      r.    "Released Claims" means any and all state and federal claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees for alleged unpaid overtime wages, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution or other compensation and relief arising under the FLSA (or analogous state law, including, but not limited to, the NMMWA) applicable to the allegations asserted in the Action and which emanate from and are based upon the same facts alleged in the Action on behalf of Miller and the Settlement Class with respect to the time that they performed services for Defendant as MWD Consultants during the Class Period. The Parties acknowledge that only Settlement Class Members who return a Settlement Consent Form and thereby become opt-in plaintiffs shall release their claims against Releasees.

      s.    "Releasees" means Defendant and its past, present and future parent companies, subsidiaries, predecessors, affiliates, divisions, agents, employees, owners, members, officers, directors, partners, investors, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers.

      t.    "Settlement Award" means the payment that each Eligible Class Member shall be entitled to receive pursuant to the terms of this Agreement.

      u.    "Settlement Class" or "Settlement Class Member" means: All individuals who have joined *Miller v. Phoenix* as of March 2, 2018 and all current and former MWD Consultants employed by or on behalf of Phoenix at any time during March 2, 2015 through March 2, 2018.

      v.    "Settlement Consent Form" means the form attached hereto as Exhibit B, subject to the approval of the Court.

## RELEASES

12.    **Release**.  In consideration of the benefits to be received by Miller and the Eligible Class Members under this Settlement, upon the Effective Date:

      a.    Plaintiff Miller shall be deemed to have released and forever discharged Releasees from any and all Released Claims, and, in addition, shall be deemed to have released Releasees from any and all and state federal claims, demands, rules or regulations, or any other federal or state causes of action of whatever nature, whether known or unknown, including but not limited to Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Genetic Information Nondiscrimination Act of 2008 (GINA); The Employee Retirement Income Security Act of 1974 ("ERISA") (except for

any vested benefits under any tax qualified benefit plan); The Civil Rights Act of 1991; The Immigration Reform and Control Act; The Americans with Disabilities Act of 1990; The Family and Medical Leave Act; The Equal Pay Act; or any allegation or claims for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; or any and all claims for bonuses, commissions or any claims for incentive compensation of any type, whether under common law or policy or contract, and any other federal or state human rights, civil rights, wage-hour, whistleblower, pension or labor laws, rules and/or regulations, public policy, any and all federal and state claims that were asserted or that could have been asserted in the Action;  and

  b. Each Eligible Class Member shall be deemed to have released and discharged the Releasees from the Released Claims.

## CERTIFICATION, NOTICE, AND SETTLEMENT IMPLEMENTATION

  13. The Parties agree to the following procedures for obtaining approval of the Settlement, certifying the Settlement Class for the purpose of settlement only, and notifying the Settlement Class of this Settlement:

  a. **Request for Class Certification and Approval Order**.  By April 30, 2018, Miller shall file a Motion for Approval of Settlement Agreement, requesting that the Court approve the Settlement, certify the Settlement Class pursuant to 29 U.S.C. § 216(b) for settlement purposes only, and approve the proposed Notice and Claim forms attached hereto as Exhibits A and B.

  b. **Notice**.  Class Counsel shall be responsible for preparing, printing and mailing the Notice of Settlement and Settlement Consent Form to all Settlement Class Members.

  c. Within ten (10) business days after the Approval Order, Defendant shall provide Class Counsel with the names, last known addresses, last known telephone numbers, and last known email addresses (if applicable) for each Settlement Class Member who performed services for Defendant during the Class Period.  The Parties agree that Defendant has already provided information sufficient for Class Counsel to determine the dates that each Settlement Class Member performed services for Defendant during the Class Period.

  d. In order to provide the best notice practicable, Class Counsel, prior to mailing the Notice of Settlement and Settlement Consent Form, will run the list of Settlement Class Members through the U.S. Postal Service's National Change of Address database ("NCOA").

  e. Within five (5) business days after receiving the Class List, Class Counsel shall provide to Defendant the estimated damages breakdown for each Settlement Class Member.

  f. Within ten (10) business days after receiving the Class List, Class Counsel shall send copies of the Court-approved Notice of Settlement and Settlement Consent Form to all Settlement Class Members via regular mail, with an enclosed self-addressed postage prepaid return envelope. The Class Counsel shall also email the Notice of Settlement and Settlement Consent Form to all Settlement Class Members.

    g. Any Notice of Settlement and Settlement Consent Form returned to Class Counsel with a forwarding address shall be re-mailed by Class Counsel within five (5) business days following receipt of the returned mail. If any Notice of Settlement and Settlement Consent Form is returned to Class Counsel without a forwarding address, Class Counsel shall undertake reasonable efforts such as skip traces to search for the correct address within five (5) business days, and shall re-mail the Notice of Settlement and Settlement Consent Form to any newly found addresses within five (5) business days of finding the new address(es).

    h. Nothing in this Agreement shall limit Defendant's right and ability to communicate with their current employees/consultants, including those who are Settlement Class Members, regarding their wages or other terms and conditions of employment. Defendant may communicate with their current employees who are Settlement Class Members for the purpose of encouraging them to participate in the Settlement, so long as such communications are consistent with this Settlement Agreement.

    i. Class Counsel shall not contact the Settlement Class Members by phone to encourage them to sign and return the Settlement Consent Form, but may accept calls initiated by Settlement Class Members seeking additional information about the settlement.

  14. **Interim Report by Class Counsel**. Within five (5) business days after the Notice Deadline, Class Counsel shall confirm: (a) the total number of Settlement Class Members who were sent the Notice of Settlement and Settlement Consent Form; and (b) the total number of Settlement Class Members who timely returned the Settlement Consent Form.

## SETTLEMENT FUNDS AND AWARD CALCULATION

  15. **Payments**. Subject to the Court's Approval Order, the following amounts shall be paid by Defendant from the Gross Settlement Amount:

    a. **Service Award to Miller**. Subject to the Court's approval, Miller shall receive up to seven-thousand five-hundred dollars ($7,500.00) for his efforts in bringing and prosecuting the Action, and in consideration of his general release set forth above in Paragraph 12(a). Defendant shall issue an IRS Form 1099 for these payments. Miller shall be solely and legally responsible for all taxes on the Service Award. These payments shall be made at the same time the Settlement Award checks for Eligible Class Members are provided to Class Counsel.

    b. **Attorneys' Fees and Costs**.

     (i) Subject to the Court's approval, Class Counsel shall receive attorneys' fees in an amount up to two-hundred sixty-two thousand, five-hundred dollars 00/100 ($262,500.00) of the Gross Settlement Amount, which will compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Action. In addition, Class Counsel shall receive reimbursement of their out-of-pocket costs approved by the Court. These payments of attorneys'

fees and costs shall be wired to Class Counsel at the same time the Settlement Award checks for Eligible Class Members are provided to Class Counsel.

(ii) The attorneys' fees and costs paid by Defendant pursuant to this Agreement shall constitute full satisfaction of Defendant's obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in the Action on behalf of Miller and/or any Settlement Class Member, and shall relieve Defendant from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Miller or any Settlement Class Member.

(iii) An IRS Form 1099 shall be provided to Class Counsel for the payments made to Class Counsel. Each firm constituting Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to that firm.

c. **Settlement Awards to Eligible Class Members.** Settlement Awards shall be made to Eligible Class Members as set forth below.

## CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS

16. **Settlement Award Eligibility**. All Eligible Class Members shall be paid a Settlement Award from the Net Settlement Amount. Class Counsel will calculate an award for each Settlement Class Member based on his *pro rata* share of the total back wages owed to class members. The *pro rata* share (a percentage) will be multiplied by the Net Settlement Amount to reach each Class Member's individual dollar figure. All Settlement Award determinations shall be based on Defendant's records related to payments made for the benefit of the Settlement Class Members and workweek information for Settlement Class Members..

17. Fifty percent (50%) of each Settlement Award to Eligible Class Members shall be treated as back wages, and accordingly, on each Settlement Award, Class Counsel shall document federal and applicable state income and employment tax withholding for each Eligible Class Member Settlement Award as required by law with respect to 50% of each Settlement Award distributed, and Defendant shall pay the employer's share of all required FICA and FUTA taxes on such amounts. Withholding shall be at the 25% supplemental wage tax rate. Defendant shall pay these taxes. The remaining 50% of each Settlement Award shall be treated as non-wage penalties and liquidated damages, to be reported on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes. Each Eligible Class Member shall be solely and legally responsible to pay all taxes on the non-wage penalties and liquidated damages portion of the Settlement Award. Defendant shall provide payroll tax information as necessary to accomplish the income and employment tax withholding on the wage portion of each Settlement Award, and the IRS Form 1099 reporting for the non-wage portion of each Settlement Award.

18. Class Counsel shall provide Phoenix's counsel with a final report of all proposed Settlement Awards for Eligible Class Members (less federal and applicable state income and employment tax withholdings), costs, and fees, at least ten (10) business days after the close of the notice period.

19. Within ten (10) days of receiving this information, Defendant shall mail checks representing the Settlement Awards to Class Counsel for each Eligible Class Member.

20. Class Counsel shall mail all Settlement Awards to Eligible Class Members within ten (10) days of receiving the payments from Defendant.

21. All Settlement Award checks shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect. Class Counsel will include with each mailed check a letter stating that the check must be cashed or deposited within 180 days or it will be cancelled and deemed void and of no further effect.

## MISCELLANEOUS

22. **Defendant's Legal Fees.** Defendant's legal fees and expenses shall be borne by Defendant.

23. **Nullification of the Settlement Agreement.** In the event: (a) the Court does not approve the Settlement as provided herein; or (b) the Settlement does not become final for any other reason, this Agreement shall be null and void and the Parties shall be returned to their respective statuses as of the date immediately prior to the execution of this Agreement. If this occurs, the Parties shall proceed in all respects as if the Agreement had not been executed, and Defendant will pay one-half of Class Counsel's costs to administer the settlement incurred as of the date the Settlement becomes null and void.

24. **Inadmissibility of Settlement Agreement.** Except for purposes of settling the Action, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

25. **Computation of Time.** For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day.

26. **Interim Stay of Proceedings.** The Parties agree to hold in abeyance all proceedings, except such proceedings necessary to implement and complete the Settlement.

27. **Amendment or Modification.** This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

28. **Entire Settlement Agreement.** This Agreement constitutes the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and

covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, memoranda, agreements (including without limitation the Settlement Term Sheet), understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect. Each of the Parties acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement.

29. **Authorization to Enter Into Settlement Agreement.** Counsel for all Parties are expressly authorized by the Parties whom they represent to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement. In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of a mediator first, and if the mediator cannot help to resolve the matter, the Court to resolve such disagreement.

30. **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile or email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

31. **Cooperation and Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arms' length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

32. **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFF:** _____ Date: Apr 30, 2018, 2018

**PLAINTIFF's COUNSEL:** _____ Date: May 1, 2018

Michael A. Josephson
State Bar No. 24014780
Andrew Dunlap
State Bar No. 24078444
Jennifer M. Solak
State Bar No. 24060634
Josephson Dunlap Law Firm
11 Greenway Plaza, Suite 3050
Houston, Texas 77046

and

Richard J. (Rex) Burch
State Bar No. 24001807
Bruckner Burch PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046

**DEFENDANT:** _____ Date: 5-2, 2018

Phoenix Technology Services USA Inc.

**PHOENIX's COUNSEL:** _____ Date: 5-2, 2018

Merritt B. Chastain, III
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
State Bar No. 00793491
500 Dallas Street, Suite 3000
Houston, Texas 77002

10

# **EXHIBIT A**

**THIS IS A COURT-AUTHORIZED NOTICE**
**\*\*\*THIS IS NOT AN ADVERTISEMENT FROM A LAWYER\*\*\***

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| JOHN MILLER, individually and on behalf of all others similarly situated § § § § | § **Docket No. 4:17-cv-02457** |
| Plaintiff, § | § |
| § | **JURY TRIAL DEMANDED** |
| vs. § | § |
| § | **COLLECTIVE ACTION** |
| PHOENIX TECHNOLOGY SERVICES USA INC. § § § | **PURSUANT TO 29 U.S.C. § 216(b)** |
| Defendant. § § | |

**NOTICE OF SETTLEMENT**
**PLEASE READ THIS NOTICE CAREFULLY**

A proposed settlement (the "Settlement") in the amount of $700,000.00 has been reached in the collective action lawsuit currently pending in the United States District Court for the Southern District of Texas (Houston Division) captioned *John Miller v. Phoenix Technology Services USA, Inc.* Because you work or worked as an MWD Consultant ("Measurement While Drilling") for Phoenix Technology Services USA, Inc. during the relevant Class Period, your rights may be affected by this Settlement.

This Notice of Settlement contains important information concerning your rights and explains the lawsuit, the terms of the Settlement, and your rights and obligations under the Settlement. This Notice should not be understood as an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by the parties in the Litigation.

**INTRODUCTION AND DESCRIPTION OF THE LAWSUIT**

On August 11, 2017, John Miller ("Miller") a former MWD Consultant filed this collective action lawsuit on behalf of himself and all other individuals who were employed by Phoenix Technology Services USA, Inc. ("Phoenix") as MWD Consultants who were potentially misclassified as independent contractors and paid a day-rate with no overtime compensation during the earlier of three years prior to the date your consent was filed if you joined the *Miller* lawsuit prior to March 2, 2018 or March 2, 2015 through March 2, 2018 ("Class Period"). Miller alleges that Phoenix's MWD Consultants should have been classified as non-exempt employees and paid overtime

compensation under the federal Fair Labor Standards Act ("FLSA"). Phoenix denies these allegations.

On March 2, 2018, after months of discussions, exchanges of information, and negotiations, Miller, and his counsel, reached a proposed settlement with Phoenix, and its counsel.

The parties disagree as to the probable outcome of the lawsuit with respect to liability and damages if it were not settled. While Miller was prepared to proceed with litigating the case described above, Miller recognizes that litigation is risky and that he may not have prevailed on his claim. Likewise, Phoenix recognizes the risks, distractions, and costs involved with any litigation.

This Settlement is the result of good-faith, arms'-length negotiations between Miller and Phoenix through their respective attorneys. The parties agree that in light of the risks and expenses associated with continued litigation, this Settlement is fair and appropriate under the circumstances, and is in the best interests of the Settlement Class Members.

The Court has approved the settlement and authorized this Notice of Settlement to be distributed to the Settlement Class Members.

### WHO IS AFFECTED BY THE PROPOSED SETTLEMENT?

You are receiving this Notice because you were identified as a MWD Consultant who was or is employed by Phoenix during the relevant time period. If you elect to participate in this Settlement by timely submitting the Settlement Consent Form, you will be eligible to receive a Settlement Payment.

### WHAT ARE YOUR OPTIONS?

You can choose to: (1) participate in the Settlement and receive a Settlement Payment by returning a Settlement Consent Form; (2) do nothing and receive no compensation.

### HOW CAN YOU PARTICIPATE IN THE SETTLEMENT AND HOW MUCH CAN YOU EXPECT TO RECEIVE?

Phoenix will pay an amount not to exceed $700,000.00 for costs, damages, and expenses associated with this lawsuit. The Net Settlement Amount will be determined after subtracting the Administrative Costs related to the Settlement, attorneys' fees for Class Counsel, lawsuit costs for Class Counsel, and a Service Award to the named plaintiff.

Class Counsel will then calculate an award for each Settlement Class Member based on the records related to payments made for the benefit of the Settlement Class Members and workweek information provided by Defendant.

Class Counsel will calculate each Class Member's *pro rata* share (percentage) of the total back wages owed for the entire Class. The *pro rata* share will then be multiplied by the Net Settlement Amount to reach each Class Member's individual dollar figure.

.

The estimated amount of your Settlement Payment is explained in the attached Settlement Consent Form.

In order to receive a Settlement Payment, **you must** complete, sign, and mail the enclosed Settlement Consent Form to Class Counsel at the address listed below. Your Claim and Consent to Join Settlement Form must be postmarked by [**INSERT DATE**]. Late Settlement Consent Forms may or may not be honored at the sole discretion of Phoenix.

Class Counsel is administering these claims. Settlement Consent Forms sent to Class Counsel should be sent in the enclosed postage-paid envelope, or in an envelope addressed as follows:

Phoenix Settlement Administration
c/o Josephson Dunlap Law Firm
11 Greenway Plaza, Suite 3050
Houston, TX 77046

**To be effective, the Settlement Consent Form must be completed in full and signed.**

If you lose or misplace your Settlement Consent Form, a copy of the Settlement Consent Form may also be obtained by contacting Class Counsel at the above address.

### WHAT HAPPENS IF I ACCEPT A SETTLEMENT PAYMENT

By signing the Settlement Consent Form and accepting the Settlement Award, you are agreeing to release Phoenix and their past, present and future parent companies, subsidiaries, predecessors, affiliates, divisions, agents, employees, owners, members, officers, directors, partners, investors, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers ("Releasees") from any and all federal claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees for alleged unpaid overtime wages, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution or other compensation and relief arising under the FLSA or any other analogous state wage-related law (including, but not limited to, the New Mexico Minimum Wage Act) applicable to the allegations asserted in the lawsuit through March 2, 2018.

### NO RETALIATION

Phoenix will not take any adverse action against current or former consultants who either choose to participate in the Settlement or decide not to do so.

### TAXES

For tax reporting purposes, any payments made pursuant to the Settlement shall be allocated as follows: (a) fifty percent (50%) shall be deemed payment in settlement of claims for unpaid wages; and (b) fifty percent (50%) shall be deemed payment in settlement of alleged claims for penalties, liquidated damages, interest, and all other non-wage recovery. With respect to the portion of payment allocated to the settlement of claims for unpaid wages, such portion will be subject to required withholdings and deductions by Class Counsel and will be reported as wage income on a Form W-2 to be issued by Class Counsel, and such other state or local tax reporting forms as may be required by law. With respect to the portion of payment allocated to the settlement of claims for non-wage recovery, such amounts will not be subject to withholding or deduction and will be reported as non-wage income on a Form 1099 or equivalent to be issued by Class Counsel, and such other state or local tax reporting forms as may be required by law.

If you have any questions regarding the tax treatment of any payments pursuant to the Settlement, you should consult your own tax advisor.

## **WHAT IF YOU HAVE QUESTIONS?**

This Notice only summarizes the Litigation, the Settlement, and related matters. For more information about the Settlement or if you have any questions regarding the Settlement, you may contact Class Counsel at:

> Josephson Dunlap Law Firm
> 11 Greenway Plaza, Suite 3050
> Houston, TX 77046
> Phone: (713) 352-1100
> info@mybackwages.com

You may also contact the specific attorneys for the Settlement Class Members in the Litigation. Here is their contact information:

| | |
|---|---|
| Michael A. Josephson | Richard J. Burch |
| Jennifer M. Solak | Bruckner Burch, PLLC |
| Josephson Dunlap Law Firm | 8 Greenway Plaza, |
| 11 Greenway Plaza | Suite 1500 |
| Suite 3050 | Houston, Texas 77046 |
| Houston, TX 77046 | Telephone: (713) 877-8788 |
| Toll Free: 888-751-7050 | Facsimile: (713) 877-8065 |
| Telephone: (713) 352-1100 | rburch@brucknerburch.com |
| Facsimile: (713) 352-3300 | |
| mjosephson@mybackwages.com | |
| jsolak@mybackwages.com | |

# **EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **JOHN MILLER, individually and on behalf of all others similarly situated** § § § **Plaintiff,** § § vs. § § **PHOENIX TECHNOLOGY SERVICES USA INC.** § § § **Defendant.** § § § | **Docket No. 4:17-cv-02457** **JURY TRIAL DEMANDED** **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

**SETTLEMENT CONSENT FORM**

According to Phoenix's records, you were retained by Phoenix as a MWD Consultant during the applicable Class Period. According to the records related to payments made for the benefit of the Settlement Class Members from Phoenix, your Settlement Award based on your *pro rata* share of the Net Settlement Amount is estimated to be $_____. This is only an estimate, but represents the maximum amount you are eligible to receive, less applicable taxes and withholdings.

**TO BE ELIGIBLE TO RECEIVE ANY MONEY FROM THE SETTLEMENT, YOU MUST COMPLETE AND SIGN THIS CONSENT FORM AND SEND IT TO CLASS COUNSEL:**

Phoenix Settlement Administration
c/o Josephson Dunlap Law Firm
11 Greenway Plaza, Suite 3050
Houston, TX 77046
Telephone: (713) 352-1100
Facsimile: (713) 352-3300

**NO LATER THAN _____ [SETTLEMENT CONSENT FORM DEADLINE].**

If you have any questions about completing this Settlement Consent Form, please contact Class Counsel, Michael A. Josephson or Jennifer Solak, Josephson Dunlap Law Firm, 11 Greenway Plaza, Suite 3050, Houston, Texas 77046, Telephone: 713-352-1100; Email addresses: mjosephson@mybackwages.com or jsolak@mybackwages.com, or Richard J. (Rex) Burch, Bruckner Burch PLLC, 8 Greenway Plaza, Suite 1500, Houston, Texas 77046, Telephone: (713) 877-8788, Email address: rburch@brucknerburch.com.

By signing, dating, and submitting this Settlement Consent Form, you will be eligible to receive a Settlement Award as described in the attached Notice of Settlement in accordance with the Parties'

Settlement Agreement and Release. You may use the enclosed addressed, pre-paid envelope to mail your Settlement Consent Form. This is the address/contact information we have on file for you:

    [Class Member Name]
    [Class Member Street Address]
    [Class Member City, State Zip Code].

If your current address is different, please provide it in the space below:

Name: _____
Address: _____
Address: _____
Phone: _____
Email: _____

By your signature below, you understand that you will have been deemed to have consented to join the referenced lawsuit and consented to assert any and all such claims in this litigation pursuant to Section 216(b) of the Fair Labor Standards Act. You also certify that you worked for Phoenix during the applicable Class Period. You understand that in order to receive payment you will be releasing the claims described in the attached Notice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:_____    _____
                                              Signature